# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SAM KATZ** | Case No. |
| Plaintiff, | Hon. |
| v. | Magistrate. |
| **CrossCountry Mortgage, LLC**. | |
| Defendant, | |
| **Federal Savings Bank** | |
| Defendant, | |
| **Caliber Home Loans, Inc.** | |
| Defendant, | |
| **LoanDepot.com, LLC** | |
| Defendant, | |
| **Allied First Bank** | |
| Defendant, | |
| **Perry Johnson Mortgage Company** | |
| Defendant | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Attorney for Plaintiff Samuel Katz*

## PLAINTIFF'S COMPLAINT
## (JURY DEMAND ENDORSED HEREON)

NOW COMES Samuel Katz (Plaintiff), *by and through the undersigned counsel* and hereby propounds upon CrossCountry Mortgage, LLC, Inc. [also known as CrossCountry Mortgage] ("CCM"), Federal Savings Bank ("FSB"), Caliber Home Loans ("CHL"), LoanDepot.com LLC ("LD"), Allied First Bank ("AFB"), and Perry Johnson Mortgage Company ("PJMC") (collectively "Defendants") and this Honorable Court Plaintiff's Complaint:

## I. INTRODUCTION

1. Plaintiff sues Defendants for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), statutory violations of the Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("CSPA"), and statutory violations of the Telephone Solicitation Sales Act, R.C. §§ 4719.01 *et seq.* ("TSSA")

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Benton County, State of Arkansas.

3. Defendant CrossCountry Mortgage, LLC, ("CCM"), is a business incorporated by and through the laws of the state of Ohio, headquartered in Ohio, with their primary place of business being in Brecksville, Ohio. Defendant CCM operates direct telemarketing and uses lead generators to engage in solicitations by telephone to potential customers, with calls being placed for the purpose of generating business and making sales on behalf of the Ohio based entity.

4. Defendant Federal Savings Bank ("FSB") is a business incorporated by and through the laws of the state of Illinois and headquartered in Illinois.

5. Defendant Caliber Home Loans, Inc. is a business incorporated by and through the laws of the state of Delaware and is headquartered in the state of Texas. Defendant does

business by means of communicating with consumers by phone or email after other Defendants and lead generators have initiated contact with those consumers.

6. Defendant LoanDepot.com, LLC, is a business incorporated by and through the laws of the state of California and is headquartered in the state of California. Defendant does business by means of communicating with consumers by phone or email after other Defendants and lead generators have initiated contact with those consumers.

7. Defendant Allied First Bank, is a business incorporated by and through the laws of the state of Illinois and is headquartered in the state of Illinois. Defendant does business by means of communicating with consumers by phone or email after other Defendants and lead generators have initiated contact with those consumers.

8. Defendant Perry Johnson Mortgage Company is a business incorporated by and through the laws of the state of Michigan and is headquartered in the state of Michigan. Defendant does business by means of communicating with consumers by phone or email after other Defendants and lead generators have initiated contact with those consumers.

### III. JURISDICTION AND VENUE

9. This Court enjoys subject matter jurisdiction over the instant civil action under 28 U.S.C. § 1331 because the Plaintiff's claims arise under Federal Law. The Court has supplemental jurisdiction over the state law claims contained in this complaint.

10. This Court enjoys personal jurisdiction over Defendants because one of the Defendants is headquartered in Ohio, does business in Ohio, and committed the tortious conduct that serves as the basis for most of Plaintiff's claims from within the state of Ohio.

11. Venue is proper with this Court via 28 U.S.C. 1391(b)(2) because at least one Defendant (Defendant CrossCountry Mortgage, LLC) is headquartered and operating within the boundaries of the judicial district of the Northern District of Ohio, specifically in Cuyahoga County, State of Ohio, and the Court's personal jurisdiction over this and other Defendants exists via Ohio Civ.R. 4.3.  Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

12. Plaintiff maintains at all times relevant to this Complaint a telephone within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(a)(iii); with the phone number ending in -1001. Plaintiff is charged when he receives a call at this number.

13. Plaintiff listed this telephone number on the National Do Not Call Registry in November 2020.

14. Defendants collectively made approximately 150 telephone calls, at a rate of several calls per week, beginning in 2019 and continuing into 2022, to Plaintiff's telephone.

15. The calls were also all made with an Automated Telephone Dialing System ("ATDS") and were then routed to possible human operators with a perceptible delay.

16. Defendant used an Automated Telephone Dialing System ("ATDS"), which has the capability for predictive dialing, the storing and generating of random numbers for dialing, for all telephone calls as described in this Complaint.  This is evidenced by the perceptible delay and manner in which the Plaintiff's information is transferred between the lead generator and the party the Plaintiff is transferred to.

17. The Defendant's dialing system is an ATDS per the 9th Circuit in *Marks v. Crunch San Diego, LLC*, 904 F. 3d 1041, (9th Cir. 2018) and the 6th Circuit in *Allan v. Pa. Higher Ed. Assist. Agency.* Case No. 19-2043 (6th Cir. 2020).

18. All of the calls were intrusive, harassing, obnoxious, annoying, and unwanted.

19. Plaintiff does not have any relationship with Defendant and Plaintiff never provided Defendant with express consent, or any other form of consent, express or implied, for Defendant to call Plaintiff's telephone.

20. In fact, Plaintiff's phone number is listed on the National Do Not Call Registry.

21. Plaintiff never gave or otherwise provided his telephone number to Defendant or to any of Defendant's affiliates or provided it any connection with any request for a quote or a request for contact.

22. As of February 25, 2022 there is no record with the State of Ohio Office of the Attorney General that any of the Defendants is licensed and registered to engage in telephone solicitation within the state of Ohio. There is no evidence Defendant CCM has complied with Ohio's state telemarketing laws requiring Ohio entities engaged in telemarketing or entities telemarketing to Ohio consumers or in Ohio consumer transactions to first register and obtain a solicitor's surety bond.

23. The Defendants violated the Ohio CSPA by committing an act or practice declared to be deceptive by rules promulgated by the attorney general. Specifically, in violating the TCPA the Defendants committed per se violations of the CSPA.

24. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA 227(b)(3)
### AS TO ALL DEFENDANTS

25. Plaintiff incorporates by reference the foregoing Paragraphs of this Complaint as if each is set forth herein.

26. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

27. Defendant placed calls to Plaintiff's telephone using an automated telephone dialing system and/or artificial or prerecorded voice and not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A), which had the natural consequence of utilizing Plaintiff's telephone resources, Plaintiff's phone battery, and robbing Plaintiff of Plaintiff's time and privacy.

28. Plaintiff was charged for every call he received from the Defendants.

29. It is a violation of the TCPA to cause a call to be placed by means of an automated telephone dialing system to a phone.

30. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry.

31. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry

32. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry

33. Defendant violated the TCPA when Defendant called Plaintiff's telephone and violated provisions of the TCPA during said telephone calls.

34. Defendant negligently violated the TCPA in relation to Plaintiff.

35. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

36. In the alternative to the scienter of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law). In light of the fact that Plaintiff had no prior dealings with Defendant, never provided his number to Defendant, and had placed his number on the National Do Not Call Registry.

37. Defendant committed no less than one-hundred (100) violations of Count I of Plaintiff's Complaint.

## COUNT II
### STATUTORY VIOLATIONS OF TCPA 227(c)(5)
### AS TO ALL DEFENDANTS

38. Plaintiff incorporates by reference the foregoing Paragraphs of this Complaint as if each is set forth herein.

39. Plaintiff's telephone number has been registered on the National Do Not Call Registry since prior to the calls complained of in this complaint.

40. Plaintiff received more than one call in a 12-month period by or on behalf of the Defendants, in violation of the regulations prescribed under 227(c), specifically Plaintiff received calls by or on behalf of Defendants despite his phone number having been registered on the National Do Not Call Registry at all relevant times and prior to the beginning of the receipt of said calls from Defendants.

41. Defendants were without privilege in making the calls, there was no prior business relationship between Plaintiff and Defendants, nor did Plaintiff ever provide his number to Defendants or request contact from Defendants.

42. Defendant committed at least one hundred (100) violations of Count II of Plaintiff's Complaint.

## COUNT III
## STATUTORY VIOLATIONS OF CSPA
## AS TO DEFENDANT CCM

43. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

44. Defendant CCM is a "person" as defined by R.C. § 1345.01(B).

45. Defendant CCM is a "supplier" as defined by R.C. § 1345.01(C).

46. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

47. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant CCM solicited Plaintiff telephone solicitation offers to purchase goods or services as detailed within this Complaint.

48. Defendant CCM committed unfair and deceptive acts in connection with a consumer transaction when Defendant CCM violated R.C. § 1345.02 by knowingly failing to comply with the TSSA. Each violation of the TSSA, as well as the regulations

promulgated thereunder, is a per se violation of the CSPA. Defendant CCM violated the CSPA by violating the TCPA and by violating the TSSA in so much that Defendant CCM is not registered with the Ohio State Attorney General to engage in telephone solicitation.

49. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

50. Since Defendant CCM knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

51. Defendant committed multiple violations of Count III of Plaintiff's Complaint. Every call Defendant CCM made or cused to be made where Defendant was not registered with the State of Ohio Office of the Attorney General as a telephone solicitor was a violation of the TSSA. Plaintiff is statutorily entitled to $200.00 [two hundred dollars] for each CSPA violation and may seek up to recover non-economic damages of up to $5,000.00 dollars. Plaintiff seeks treble damages of the value of the transaction and statutory damages for TSSA violations that serve as the basis of the other CSPA violations.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

52. Enter judgment against Defendants, jointly and severally, in Plaintiff's favor in an amount of money that exceeds one hundred thousand dollars ($100,000.00) for general damages,

statutory damages, treble damages, punitive damages, reasonable attorney's fees, and court costs.

53. Grant an injunction permanently enjoining Defendants from further engaging in telecommunications harassment as to Plaintiff by telephone.

54. Grant an injunction permanently enjoining Defendants from ever calling Plaintiff by telephone in a manner that violates any applicable statute.

55. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

/S/ BRYAN ANTHONY REO
Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

**JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.