# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SAM KATZ** | Case No. 1:22-cv-00925-PAB |
| Plaintiff, | Hon. Pamela A. Barker |
| v. | Magistrate. Thomas M. Parker |
| **CrossCountry Mortgage, LLC**. | |
| Defendant. | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Attorney for Plaintiff Samuel Katz*

## PLAINTIFF'S AMENDED COMPLAINT
## (JURY DEMAND ENDORSED HEREON)

NOW COMES Samuel Katz (Plaintiff), *by and through the undersigned counsel* and hereby propounds upon CrossCountry Mortgage, LLC, Inc. [also known as CrossCountry Mortgage] ("CCM"), ("Defendant") and this Honorable Court, Plaintiff's Amended Complaint:

## I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), statutory violations of the Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq*. ("CSPA"), and statutory violations of the Telephone Solicitation Sales Act, R.C. §§ 4719.01 *et seq*. ("TSSA")

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Benton County, State of Arkansas.

3. Defendant CrossCountry Mortgage, LLC, ("CCM"), is a business incorporated by and through the laws of the state of Ohio, headquartered in Ohio, with their primary place of business being in Brecksville, Ohio. Defendant CCM operates direct telemarketing and uses lead generators to engage in solicitations by telephone to potential customers, with calls being placed for the purpose of generating business and making sales on behalf of the Ohio based entity.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action under 28 U.S.C. § 1331 because the Plaintiff's claims arise under Federal Law. The Court has supplemental jurisdiction over the state law claims contained in this complaint.

5. This Court enjoys personal jurisdiction over Defendant by virtue of the fact that the Defendant is headquartered in Ohio, does business in Ohio, and committed the tortious conduct that serves as the basis for most of Plaintiff's claims from within the state of Ohio.

6. Venue is proper with this Court via 28 U.S.C. 1391(b)(2) because Defendant is headquartered and operating within the boundaries of the judicial district of the Northern District of Ohio, specifically in Cuyahoga County, State of Ohio, and the Court's personal jurisdiction over this Defendant exists via Ohio Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Plaintiff maintains at all times relevant to this Complaint a telephone within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(a)(iii); with the phone number ending in -1001. Plaintiff is charged when he receives a call at this number.

8. Plaintiff listed this telephone number on the National Do Not Call Registry in November 2020.

9. Defendant collectively made multiple calls per week, beginning in 2019 and continuing into 2022, to Plaintiff's telephone.

10. The calls were also all made with an Automated Telephone Dialing System ("ATDS") with some calls involving artificial pre-recorded voices while other calls routed to possible human operators after a perceptible delay.

11. Defendant used an Automated Telephone Dialing System ("ATDS"), which has the capability for predictive dialing, the storing and generating of random numbers for dialing, for all telephone calls as described in this Complaint. This is evidenced by the perceptible delay and manner in which the Plaintiff's information is transferred between the lead generator and the party the Plaintiff is transferred to. Further evidence for the Defendant's use of ATDS comes from some of the calls having delivered artificial pre-recorded voice messages.

12. The Defendant's dialing system is an ATDS per the 9th Circuit in *Marks v. Crunch San Diego, LLC*, 904 F. 3d 1041, (9th Cir. 2018) and the 6th Circuit in *Allan v. Pa. Higher Ed. Assist. Agency.* Case No. 19-2043 (6th Cir. 2020).

13. All of the calls were intrusive, harassing, obnoxious, annoying, and unwanted.

14. Plaintiff does not have any relationship with Defendant and Plaintiff never provided Defendant with express consent, or any other form of consent, express or implied, for Defendant to call Plaintiff's telephone.

15. In fact, Plaintiff's phone number is listed on the National Do Not Call Registry.

16. Plaintiff has also made specific "do not call" requests to Defendant Cross Country Mortgage, specifically on 7/24/2019 Plaintiff told Defendant, "place me on your do not call list."

17. A request to be placed on a caller's internal do not call list must be honored and communicated to agents authorized to place calls on behalf of the entity.

18. Many calls were directly made by Defendant and Defendant identified itself or the call resulted in a direct routing to Defendant.

19. Other calls made by Defendant's agents resulted in "live transfers" to Defendant Cross Country Mortgage.

20. Plaintiff received some calls consisted of recorded artificial voice messages. This is further evidence the Defendant used ATDS to place at least some of the calls. Furthermore, 227(b) is violated by the use of a recorded artificial voice message regardless of how the delivery was made [manual dial vs ATDS].

21. Plaintiff received some calls that resulted in the receipt of voicemails left by Defendant. When Plaintiff returned the call and called the number(s) in question, he directly reached Defendant Cross Country Mortgage.

22. Plaintiff never gave or otherwise provided his telephone number to Defendant or to any of Defendant's affiliates or provided it any connection with any request for a quote or a request for contact.

23. As of February 25, 2022 there is no record with the State of Ohio Office of the Attorney General that the Defendant is licensed and registered to engage in telephone solicitation within the state of Ohio. There is no evidence Defendant CCM has complied with Ohio's state telemarketing laws requiring Ohio entities engaged in telemarketing or

entities telemarketing to Ohio consumers or in Ohio consumer transactions to first register and obtain a solicitor's surety bond.

24. The Defendant violated the Ohio CSPA by committing an act or practice declared to be deceptive by rules promulgated by the attorney general. Specifically, in violating the TCPA the Defendant committed per se violations of the CSPA and TSSA.

25. Defendant CCM violated the TSSA by not being registered and bonded with the Ohio State Attorney General's Office to engage in telephone solicitation.

26. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA 227(b)(3)

27. Plaintiff incorporates by reference the foregoing Paragraphs of this Complaint as if each is set forth herein.

28. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

29. Defendant placed calls to Plaintiff's telephone using an automated telephone dialing system and/or artificial or prerecorded voice and not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A), which had the natural consequence of utilizing Plaintiff's telephone resources, Plaintiff's phone battery, and robbing Plaintiff of Plaintiff's time and privacy.

30. Plaintiff was charged for every call he received from the Defendant.

31. It is a violation of the TCPA to cause a call to be placed by means of an automated telephone dialing system to a phone.

32. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry.

33. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry

34. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry

35. Defendant violated the TCPA when Defendant called Plaintiff's telephone and violated provisions of the TCPA during said telephone calls.

36. Defendant negligently violated the TCPA in relation to Plaintiff.

37. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

38. In the alternative to the scienter of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant

knew that his conduct violated the law). In light of the fact that Plaintiff had no prior dealings with Defendant, never provided his number to Defendant, and had placed his number on the National Do Not Call Registry, and had even requested that Defendant place him on their internal do not call list.

39. Defendant committed no less than twenty-three (23) violations of Count I of Plaintiff's Complaint.

## COUNT II
## STATUTORY VIOLATIONS OF TCPA 227(c)(5)

40. Plaintiff incorporates by reference the foregoing Paragraphs of this Complaint as if each is set forth herein.

41. Plaintiff's telephone number has been registered on the National Do Not Call Registry since prior to the calls complained of in this complaint.

42. Plaintiff received more than one call in a 12-month period by or on behalf of the Defendant, in violation of the regulations prescribed under 227(c), specifically Plaintiff received calls by or on behalf of Defendant despite his phone number having been registered on the National Do Not Call Registry at all relevant times and prior to the beginning of the receipt of said calls from Defendant.

43. Defendant was without privilege in making the calls, there was no prior business relationship between Plaintiff and Defendant, nor did Plaintiff ever provide his number to Defendant or request contact from Defendant.

44. Defendant committed at least twenty-three (23) violations of Count II of Plaintiff's Complaint.

## COUNT III
## STATUTORY VIOLATIONS OF CSPA

45. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

46. Defendant CCM is a "person" as defined by R.C. § 1345.01(B).

47. Defendant CCM is a "supplier" as defined by R.C. § 1345.01(C).

48. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

49. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant CCM solicited Plaintiff telephone solicitation offers to purchase goods or services as detailed within this Complaint.

50. Defendant CCM committed unfair and deceptive acts in connection with a consumer transaction when Defendant CCM violated R.C. § 1345.02 by knowingly failing to comply with the TSSA. Each violation of the TSSA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA. Defendant CCM violated the CSPA by violating the TCPA and by violating the TSSA in so much that Defendant CCM is not registered with the Ohio State Attorney General to engage in telephone solicitation.

51. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

52. Since Defendant CCM knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

53. Defendant committed multiple violations of Count III of Plaintiff's Complaint. Every call Defendant CCM made or caused to be made where Defendant was not registered

with the State of Ohio Office of the Attorney General as a telephone solicitor was a violation of the TSSA. Plaintiff is statutorily entitled to $200.00 [two hundred dollars] for each CSPA violation and may seek up to recover non-economic damages of up to $5,000.00 dollars. Plaintiff seeks treble damages of the value of the transaction and statutory damages for TSSA violations that serve as the basis of the other CSPA violations.

## COUNT IV
## STATUTORY VIOLATIONS OF THE TSSA

54. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

55. The TSSA is a state statute that was enacted to regulate telephone solicitations and to protect Ohio residents against illicit, deceptive, or otherwise exploitative telemarketing.

56. Defendant is a "Telephone Solicitor(s)" as defined by R.C. § 4719.01(A)(8).

57. Plaintiff is a "Purchaser" as defined by R.C. § 4719.01(A)(5).

58. Defendant engaged in "Telephone Solicitation" with Plaintiff as defined by R.C. § 4719.01(A)(2)(b)(ii) by sending placing calls to Plaintiff by telephone.

59. One of the requirements of the TSSA is that any entity that wishes to engage in telephone solicitation must first post a solicitor's surety bond and register with the Ohio Attorney General.

60. Defendant has violated the TSSA by engaging in telephone solicitation without having posted the solicitor's surety bond with the state attorney general as required by .R.C. § 4719.04(A).

61. Every call Defendant placed or caused to be placed to Plaintiff wherein Defendant was not bonded with the Ohio Attorney General with a solicitor's surety bond, is a violation of the TSSA.

62. Defendant committed at least twenty-three (23) violations of the TSSA.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

63. Enter judgment against Defendant, in Plaintiff's favor in an amount of money that exceeds one hundred thousand dollars ($100,000.00) for general damages, statutory damages, treble damages, punitive damages, reasonable attorney's fees, and court costs.

64. Grant an injunction permanently enjoining Defendant from further engaging in telecommunications harassment as to Plaintiff by telephone.

65. Grant an injunction permanently enjoining Defendant from ever calling Plaintiff by telephone in a manner that violates any applicable statute.

66. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

/S/ BRYAN ANTHONY REO
Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business):  (216) 505-0811
(Mobile):  (440) 313-5893
(E):  Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

**JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

## CERTIFICATE OF SERVICE

I, Bryan Anthony Reo, affirm that I am a Counsel to a Party to the above-captioned civil action, and on August 27, 2022, a true and accurate copy of Plaintiff's Amended Complaint has been electronically filed and thus served electronically upon all parties who have appeared through counsel.

/S/ BRYAN ANTHONY REO
Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Plaintiff Sam Katz*

Dated: August 27, 2022